# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WELLS FARGO BANK, N.A., | Case No.: 2:17-cv-01184-APG-VCF |
| Plaintiff | **Order Granting Saticoy's Motion for Summary Judgment and Denying Wells Fargo's Motion for Summary Judgment** |
| v. | |
| KARI LEE LIMITED PARTNERSHIP, et al., | [ECF Nos. 47, 50] |
| Defendants | |

The parties dispute whether a deed of trust still encumbers property located at 5451 Autumn Crocus Court in North Las Vegas, Nevada following two non-judicial foreclosure sales conducted by a homeowners association (HOA), defendant Arbor Park Community Association (Arbor Park). Plaintiff Wells Fargo, N.A. (Wells Fargo) is the beneficiary of record for the deed of trust. Defendant Saticoy Bay LLC Series 5451 Autumn Crocus (Saticoy) is the current property owner.

Wells Fargo seeks a declaration that the deed of trust continues to encumber the property. Wells Fargo also asserts an unjust enrichment claim against Saticoy, Arbor Park, and Arbor Park's foreclosure agent, defendant Absolute Collection Services LLC (Absolute).[1] Finally, Wells Fargo asserts alternative damages claims against Arbor Park and Absolute. Saticoy counterclaims for a declaration that it acquired the property free and clear of the deed of trust.

Wells Fargo and Saticoy move for summary judgment on their competing declaratory relief claims on a variety of grounds. Arbor Park opposes Wells Fargo's motion but did not file its own motion for summary judgment. The parties are familiar with the facts so I do not repeat

---

[1] Wells Fargo also brought claims against Alarisa Properties, LLC and Kari Lee Limited Partnership, but those claims were dismissed after Wells Fargo failed to provide proof of timely service. ECF No. 32.

them here except where necessary. I grant Saticoy's motion and deny Wells Fargo's motion because Wells Fargo did not tender the superpriority amount and it has not raised a genuine dispute that any basis exists to set aside the 2014 HOA foreclosure sale. Wells Fargo's claims for unjust enrichment, tortious interference with contract, wrongful foreclosure, and negligence remain pending because no party moved for summary judgment on those claims.

**I. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

/ / / /

/ / / /

### A. Statute of Limitations

Saticoy argues that Wells Fargo's declaratory relief claim is untimely because it was brought more than three years after the 2014 HOA foreclosure sale. I have previously ruled that the four-year catchall limitation period in Nevada Revised Statutes § 11.220 applies to claims under Nevada Revised Statutes § 40.010 brought by a lienholder seeking to determine whether an HOA sale extinguished a deed of trust. *See Bank of Am., N.A. v. Country Garden Owners Ass'n*, No. 2:17-cv-01850-APG-CWH, 2018 WL 1336721, at *2 (D. Nev. Mar. 14, 2018). The HOA sale took place on February 11, 2014. ECF No. 47-3. Wells Fargo filed its complaint on April 27, 2017. ECF No. 1. Because Wells Fargo's complaint was brought within four years of the 2014 HOA foreclosure sale, its claim to determine adverse interests in property under § 40.010 is timely.[2]

### B. Due Process

I grant Saticoy's motion as to the due process allegations. *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1159 (9th Cir. 2016) is no longer good law and the HOA foreclosure statutes do not violate due process. *See Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623-24 (9th Cir. 2019) (citing *SFR Invs. Pool 1, LLC v. Bank of N.Y. Mellon*, 422 P.3d 1248 (Nev. 2018) (en banc)); *Nationstar Mortg. LLC v. Amber Hills II Homeowners Ass'n*, No. 2:15-cv-01433-APG-CWH, 2016 WL 1298108, at *6-9 (D. Nev. Mar. 31, 2016).

/ / / /

/ / / /

---

[2] I need not address whether Wells Fargo's declaratory relief claim is timely as to the 2007 HOA foreclosure sale because, as discussed below, interest Wells Fargo had in the property was extinguished by the 2014 HOA foreclosure sale.

**C. Tender**

Wells Fargo argues that its loan servicer, Ocwen Loan Servicing, LLC (Ocwen), was excused from attempting an actual payment of the superpriority amount because Absolute represented to Ocwen that it would reject a payment. Saticoy and Arbor Park argue that Ocwen never tendered and there is no evidence to support excuse or futility of tender.

Under Nevada law, a "first deed of trust holder's unconditional tender of the superpriority amount due results in the buyer at foreclosure taking the property subject to the deed of trust." *Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113, 116 (Nev. 2018) (en banc). To be valid, tender must be for "payment in full" and must either be "unconditional, or with conditions on which the tendering party has a right to insist." *Id.* at 118.

A "promise to make a payment at a later date or once a certain condition has been satisfied cannot constitute a valid tender." *Bank of Am., N.A. v. Thomas Jessup, LLC Series VII*, 435 P.3d 1217, 1219 (Nev. 2019). But when a party who is able and willing to pay offers to satisfy the superpriority amount and is told that the payment will not be accepted, actual tender of the payment is excused. *Id.* at 1220 (holding that an offer to pay the superpriority amount combined with a rejection of that offer "operated to cure the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust").

Many months prior to the 2014 HOA sale, Ocwen requested a payoff amount by contacting Absolute and stating that Ocwen "would be making payments on this account," so "please provide [Ocwen] the invoice along with the coverage dates and a good payoff amount good through 10/31/2013 or later." ECF No. 56-23 at 2. Absolute provided a statement of account which identified the monthly assessment amount, late fees, collection costs, an audit fee, collection costs, and the total amount due. ECF No. 47-15 at 3-4. The statement of account also

4

contained the following language: "This is not a pay off amount and is not valid for any transfer of the property; Evidence of foreclosure required for 9 month statement (foreclosure deed/auction receipt)." *Id.* at 3. Absolute provided Ocwen with two more updated account statements, each with the same quoted language. ECF Nos. 50-1 through 50-3.

Despite receiving three statements of account from which it could calculate the superpriority amount, Ocwen did not attempt to tender payment. There is no evidence explaining why Ocwen did not attempt tender. There is no evidence Ocwen knew Absolute had a policy of rejecting tender payments or that Ocwen relied on that policy in failing to make a tender attempt. There is no evidence that Ocwen understood the quoted language on the account statements to mean that Absolute would reject a tender payment or that Ocwen relied on the quoted language as the reason not to tender payment. And there is no evidence that Absolute otherwise communicated to Ocwen that it would reject a payment. As a result, no genuine dispute remains that Wells Fargo, through Ocwen, did not tender the superpriority amount and there is no evidence that tender should be excused. *See Nationstar Mortg., LLC v. 2016 Marathon Keys Tr.*, No. 75967, 455 P.3d 842, 2020 WL 407057, at *1 (Nev. 2020) (rejecting an argument that tender should be excused because "no evidence indicates that Miles Bauer decided not to make a payment because it could not calculate the superpriority amount or because it knew ACS would reject a superpriority tender"); *Bank of Am., N.A. v. Las Vegas Rental & Repair, LLC Series 57*, No. 76914, 451 P.3d 547, 2019 WL 6119134, at *1 n.3 (Nev. 2019) (rejecting the lender's "excused-for-futility argument" because it was "not supported by any evidence" where "no evidence suggests that Miles Bauer decided not to tender because it knew NAS would reject it."). Consequently, I deny Wells Fargo's motion as to tender.

/ / / /

5

### D. Equitably Setting Aside the Sale

Wells Fargo argues that the sale should be equitably set aside because the price was inadequate and Absolute led Ocwen to believe the first deed of trust was not in jeopardy because Absolute represented there was no superpriority lien until the beneficiary foreclosed on the deed of trust. Wells Fargo also contends that the foreclosure notices improperly included fees and costs in the lien and did not identify the superpriority amount. Arbor Park and Saticoy argue there is no basis to set aside the sale because there is no evidence Ocwen failed to tender the superpriority amount due to Absolute's alleged policy of rejecting payment. Arbor Park also argues that although fees and costs are not included in the superpriority lien, they are included in the HOA's overall lien, and there was no requirement that the notices identify the superpriority amount. Arbor Park and Saticoy also contend there is no evidence that any alleged unfairness brought about the sale price.

In determining whether to equitably set aside an HOA foreclosure sale, there must be evidence that the HOA sold the property for an inadequate price and that "the sale was affected by some element of fraud, unfairness, or oppression." *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 646, 648-49 (Nev. 2017). As the party challenging the sale, Wells Fargo has "the burden to show that the sale should be set aside in light of [Saticoy's] status as the record title holder . . . and the statutory presumptions that the HOA's foreclosure sale complied with NRS Chapter 116's provisions." *Id.* at 646 (internal citations omitted). "[M]ere inadequacy of price is not in itself sufficient to set aside the foreclosure sale, but it should be considered together with any alleged irregularities in the sales process to determine whether the sale was affected by fraud, unfairness, or oppression." *Id.* at 648. The fraud, unfairness, or oppression must have affected "the sale itself." *Res. Grp., LLC as*

6

*Tr. of E. Sunset Rd. Tr. v. Nevada Ass'n Servs., Inc.*, 437 P.3d 154, 160 (Nev. 2019) (en banc) (emphasis omitted). "A grossly inadequate price may require only slight evidence of fraud, unfairness, or oppression to set aside a foreclosure sale." *SFR Invs. Pool 1, LLC v. First Horizon Home Loans, a Div. of First Tenn. Bank, N.A.*, 409 P.3d 891, 895 (Nev. 2018) (en banc).

Wells Fargo has failed to present evidence that any fraud, unfairness, or oppression affected the sale. As discussed above, there is no evidence Ocwen tendered and no evidence Ocwen did not tender because of Absolute's alleged policy of rejecting payment. Although Wells Fargo argues that Absolute led Ocwen to believe the first deed of trust was not in jeopardy, there is no evidence that Ocwen held that belief or that it did so as a result of the quoted language in the account statements. There is no evidence Ocwen or Wells Fargo relied on the alleged futility of tender as a reason not to attend the sale and bid on the property or to take other measures to protect the deed of trust. And there is no evidence that Ocwen or Wells Fargo alerted anyone about a tender attempt such that other bidders may have bid less given the possibility that the superpriority lien had been satisfied. In sum, there is no evidence that anything related to tender constituted fraud, unfairness, or oppression, or in any way affected the sale.

The same is true for the notices. The HOA was not required to identify that it was foreclosing on a superpriority lien or the amount of the superpriority lien. *See SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 418 (Nev. 2014) (en banc); *PennyMac Corp. v. SFR Investments Pool 1, LLC*, No. 73405, 425 P.3d 719, 2018 WL 4413612, at *3 (Nev. 2018). Collections fees and foreclosure costs are not included in the superpriority portion of the HOA's lien. *Horizons at Seven Hills v. Ikon Holdings*, 373 P.3d 66, 73 (Nev. 2016) (en banc). But *Ikon* did not hold that foreclosure notices are defective or unfair if they include collection costs or

other fees in the subpriority portion of the lien.  Further, Wells Fargo has not presented evidence that the inclusion of these costs in the overall lien amount was so unfair that it would justify setting aside the sale. *See S. Capital Pres., LLC v. GSAA Home Equity Tr. 2006-5*, No. 72461, 414 P.3d 808, 2018 WL 1447727, at *1 (Nev. 2018) (stating that inclusion of improperly incurred fees does not support setting aside a sale unless it is shown "how inclusion of those fees either misled respondent or otherwise brought about the low sales price").

Wells Fargo has not presented sufficient evidence to equitably set aside the sale.  I therefore deny Wells Fargo's motion for summary judgment and grant Saticoy's motion for summary judgment.  The 2014 HOA foreclosure sale extinguished the deed of trust. *SFR Investments Pool 1*, 334 P.3d at 419 ("NRS 116.3116(2) gives an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust.").

## II.  CONCLUSION

I THEREFORE ORDER that plaintiff Wells Fargo Bank, N.A.'s motion for summary judgment **(ECF No. 50) is DENIED**.

I FURTHER ORDER that defendant Saticoy Bay LLC Series 5451 Autumn Crocus's motion for summary judgment **(ECF No. 47) is GRANTED**.  It is declared that the deed of trust executed on September 25, 2003 and recorded on October 16, 2003 no longer encumbers the property located at 5451 Autumn Crocus Court in North Las Vegas, Nevada because it was extinguished by the foreclosure sale conducted by Arbor Park Community Association on February 11, 2014.

DATED this 18th day of February, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE